**NOT FOR PUBLICATION**

OCT 7 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUFUS CATCHINGS, | No. 12-17116 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00625-THE |
| v. | |
| SALLY JEWELL,[*] in her official capacity as Secretary of the Interior; et al., | MEMORANDUM[**] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Rufus Catchings appeals pro se from a magistrate judge's order requiring

him to execute a settlement agreement in his Title VII action alleging racial

---

[*]    Sally Jewell has been substituted for her predecessor, Ken Salazar, as Secretary of the Interior under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

discrimination. We dismiss the appeal and vacate the district court's 2012 order.

Pursuant to a settlement agreement, the district court entered a final order dismissing the action with prejudice in 2011, and did not retain jurisdiction. The district court, therefore, lacked subject matter jurisdiction to issue a magistrate judge order enforcing the settlement in 2012. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997) (this court has an obligation to inquire into its subject matter jurisdiction and that of the lower court); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (concluding that the district court lacked subject matter jurisdiction over a motion to enforce settlement following entry of a stipulated dismissal with prejudice where there was no provision in the settlement agreement retaining jurisdiction, and the settlement agreement was not incorporated into the order dismissing with prejudice).

The notice of appeal is untimely as to the district court's 2011 order dismissing the case with prejudice based on the parties' settlement. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"); Fed. R. App. P. 4(a)(7)(A)(ii) (where a separate judgment is required but not entered, judgment is deemed entered 150 days after entry of the final order that the party seeks to

appeal); *Browder v. Dir., Dep't. of Corr. of Ill.*, 434 U.S. 257, 264 (1978) (timely filing of a notice of appeal in a civil case is mandatory and jurisdictional).

Accordingly, we dismiss the appeal and vacate the district court's 2012 order.

**APPEAL DISMISSED; District Court Order VACATED.**